IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HEIDI J. LEVIN, | ) | Case No. 11 B 18149 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date: December 19, 2013 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF FINAL FEE APPLICATION

To:   See Attached Service List

On November 27, 2013, McGuireWoods, LLP ("McGuireWoods") filed the **Final Fee Application of McGuireWoods LLP for Allowance And Payment of Compensation And Reimbursement of Expenses As Counsel For the Trustee (the "Application")**. McGuireWoods seeks $24,767.00 in compensation and $238.00 in expense reimbursement and to have previously awarded compensation and expense reimbursement deemed final. A copy of the Application and supporting documentation is attached hereto.

A hearing (the "Hearing") will be held on the Application on **December 19, 2013**, at the hour of **9:30 a.m.** before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge (or any judge who may be sitting in her stead) in Courtroom 680 of the Bankruptcy Court located at 219 South Dearborn Street, Chicago, Illinois.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the Application, then on or before the hearing on December 19, 2013, you or your attorney must file a written Objection to the Application, which should explain the reasons why you object, with the Clerk of the Bankruptcy Court at 219 South

52595275_1

Dearborn Street, Chicago, Illinois, and/or appear at the Hearing on December 19, 2013 at 9:30 a.m.

If you do not object, the Court may grant the relief requested.

By: /s/ Paul J. Catanese

Richard J. Mason, P.C.(ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
Paul J. Catanese (ARDC #6292530)
MCGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1815
(312) 849-8100
*Counsel to Richard J. Mason, Trustee*

Case 11-18149   Doc 91   Filed 11/27/13   Entered 11/27/13 17:04:34   Desc Main
                          Document      Page 3 of 15

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused copies of the foregoing **FINAL FEE APPLICATION OF MCGUIREWOODS LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE TRUSTEE (the "Application") and the Notice of the same** to be served on this 27th day of November, 2013 via the Court's electronic filing system on all parties who have consented to receipt of such service and upon all other parties on the attached Service List via United States mail, proper postage prepaid.

/s/ Paul J. Catanese
Paul J. Catanese

Case 11-18149   Doc 91   Filed 11/27/13   Entered 11/27/13 17:04:34   Desc Main
                          Document      Page 3 of 15

3

52595275_1

## SERVICE LIST

| | |
|---|---|
| Ronald Barliant<br>Goldberg Kohn Ltd.<br>55 East Monroe Street<br>Suite 3300<br>Chicago, IL 60603<br>Counsel to Heidi J. Levin | Jonathan W. Young<br>Wildman Harrold Allen & Dixon, LLP<br>225 West Wacker Drive<br>Suite 3000<br>Chicago, IL 60606<br>Counsel to John W. Costello,<br>Litigation Trustee of the Comdisco Litigation Trust |
| Patrick S. Layng<br>Office of the U.S. Trustee<br>219 South Dearborn<br>Suite 873<br>Chicago, IL 60604 | Bank of America<br>c/o BAC Home Loans Servicing LP<br>P.O. Box 650070<br>Dallas, TX 75265-0070 |
| Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | SIP Defense Fund<br>c/o Davis McGrath<br>125 S. Wacker Drive, Suite 1700<br>Chicago IL 60606 |
| Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL 60664-0338 | |
| Internal Revenue Service<br>D. Patrick Mullarkey<br>Tax Division (DOJ)<br>Ben Franklin Station, DC 20044 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| HEIDI J. LEVIN, | ) Case No. 11 B 18149 |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox |
| | ) |
| | ) Hearing Date: December 19, 2013 |
| | ) Hearing Time: 9:30 a.m. |
| | ) |

COVER SHEET FOR THE FINAL APPLICATION FOR
PROFESSIONAL COMPENSATION FOR MCGUIREWOODS LLP

Name of Applicant: McGuireWoods LLP

Authorized to Provide Professional Services to: Richard J. Mason, Ch.7 Trustee

Date of Retention Order: July 12, 2011 (effective June 20, 2011)

Period for which Compensation is Sought: From June 28, 2012 through conclusion of the case

Amount of Fees Sought: $24,767.00

Amount of Expense Reimbursement Sought: $238.00

This is an: Interim Application ___ Final Application X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Fees and Expenses Requested | Total Fees and Expenses Allowed |
|---|---|---|---|
| November 23, 2011 | June 20, 2011 through July 31, 2011 | $22,512.50 (Fees) $299.39 (Expenses) | $22,512.50 (Fees) $299.39 (Expenses) |
| November 16, 2012 | August 1, 2011 through June 27, 2012 | $76,464.00 (Fees) $2,754.14 (Expenses) | $76,464.00 (Fees) $2,754.14 (Expenses) |

State the aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $102,030.03.

52595275_1

Document    Page 6 of 15

Dated: November 27, 2013                **McGuireWoods LLP**

                              By:    /s/ Paul J. Catanese
                                       One of its Attorneys

Richard J. Mason, P.C.
Patricia K. Smoots
Paul J. Catanese
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-9100

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| HEIDI J. LEVIN, | ) Case No. 11 B 18149 |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox |
| | ) |
| | ) Hearing Date: December 19, 2013 |
| | ) Hearing Time: 9:30 a.m. |

**FINAL FEE APPLICATION OF MCGUIREWOODS LLP FOR
ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL FOR THE TRUSTEE FOR THE PERIOD
JUNE 28, 2012 THROUGH CONCLUSION OF THE CASE**

McGuireWoods LLP ("McGuireWoods"), counsel for Richard J. Mason, the trustee ("Trustee") in the above-captioned bankruptcy case, submits this Final Fee Application (the "Application") of McGuireWoods for Allowance and Payment of Compensation and Reimbursement of Expenses as Counsel for the Trustee for the Period from June 28, 2012 through Conclusion of the Case, (the "Compensation Period") and requests the entry of an order allowing and authorizing payment of compensation (the "Compensation") in the amount of $24,767.00 (including $2,125 for time McGuireWoods expects to devote to future services) and the final reimbursement of expenses (the "Expense Reimbursement") in the amount of $238.00 for services provided and expenses incurred by McGuireWoods as counsel to the Trustee and to have certain previously awarded interim compensation and expense reimbursement to be deemed final, and, in support thereof, respectfully states as follows:

**Jurisdiction and Venue**

1. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

52595275_1

2.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(b)(2) and 1334.

3.     Venue of this Case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.     On or about April 28, 2011 ("Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Code")

5.     Shortly thereafter, Richard J. Mason was appointed trustee.

6.     On July 12, 2011, the Court entered an order authorizing the Trustee to retain McGuireWoods as counsel to the Trustee, effective as of June 20, 2011. **[Docket No. 16]**

7.     On November 23, 2011, McGuireWoods filed its First Interim Application ("First Interim Application") for the Payment of Compensation and Reimbursement of Expenses **[Docket No. 47]**, seeking $22,512.50 in compensation and $299.39 in expense reimbursement.

8.     On December 16, 2011, the Court entered an Order **[Docket No. 50]** granting McGuireWoods compensation in the amount of $22,150 and expense reimbursement of $299.39.

9.     On November 16, 2012, McGuireWoods filed its Second Interim Application ("Second Interim Application") for the Payment of Compensation and Reimbursement of Expenses **[Docket No. 74]**, seeking $76,464.00 in compensation and $2,754.14 in expense reimbursement.

10.    On December 18, 2012, the Court entered an Order **[Docket No. 76]** granting McGuireWoods compensation in the amount of $76,464.00 in compensation and expense reimbursement of $2,754.14.

11.    The Trustee is currently holding cash totaling approximately $110,220.91.

2

## Relief Requested

12. Through this Application, McGuireWoods now seeks the entry of an order, pursuant to sections 330 and 331 of the Bankruptcy Code, approving and authorizing payment of the Compensation in the amount of $22,642.00 and the Expense Reimbursement in the amount of $238.00 incurred in representing the Trustee from June 28, 2012 through the conclusion of the case. In addition, McGuireWoods requests further compensation in the amount of $2,125.00 for services to the Trustee anticipated to be incurred from the time of the filing of this Application through the close of case. A detailed abstract containing specific summaries of all of the services provided by McGuireWoods, including all fees charged and all expenses incurred, is attached hereto as **Exhibit A**.

## Trustee's Activities

13. This is McGuireWoods' Final Fee Application for compensation. The two major categories of services performed in connection with this Application during the Application Period are services related to general case administration and services related to finalizing a settlement with the Debtor.

14. The activities in which McGuireWoods engaged during the Compensation Period primarily consisted of: (a) general case administration and (b) the services in settlement ("Settlement") between the Debtors and the Trustee as described herein.

15. Prior to the Application Period, McGuireWoods assisted the Trustee, among other things, with certain investments held by the Debtor in funds managed by an affiliate of the Northern Trust Bank (the "Investments") and an investigation of certain contingent distribution rights ("CDRs") associated with stock the Debtor once held in the now bankrupt Comdisco, Inc.

16. McGuireWoods assisted the Trustee in reviewing and negotiating a confidentiality agreement with Northern Trust Bank to facilitate the Trustee's review of

materials relevant to the Investments. It also negotiated and documented an agreement related to the CDRs with counsel to John Costello, the litigation trustee for the Comdisco Litigation Trust, a trust established in connection with a plan approved in the bankruptcy of Comdisco, Inc. (Mr. Costello is referred to herein as the "Litigation Trustee"). The agreement with the Litigation Trustee was designed to facilitate the Trustee's acquisition of the Debtor's CDRs and certain cash accumulated from partial distributions attributable to Debtor's CDRs.

17.    Additionally, prior to the Compensation Period, the other activities in which the firm engaged relating to avoidance litigation (included an initial investigation of the facts and circumstances surrounding the Debtor's pre-bankruptcy transfer of real property ("Property") wholly owned by her into a trust (the "Transfer"), the drafting and filing of a complaint seeking avoidance of the Transfer in an adversary proceeding ("Adversary"), and related activities. In the Adversary, McGuireWoods, asserting several grounds for avoidance or related relief, and has engaged in discussions with the Debtor's counsel concerning those claims and discovery issues related to them.

18.    During the Compensation Period, McGuireWoods' two primary activities were (1) completing the negotiation and approval of the Settlement of the Adversary and (2) negotiating, and obtaining the Court's approval of, the sale of the Estate's interest in the CDRs.

19.    As described in detail in the Motion to Approve Settlement **[Docket No. 77]**, the Settlement resulted in a payment to the Estate from the Debtor in the amount of $50,000 in full satisfaction of all claims the Trustee may had in connection with the Transfer of the Property, including all claims against defendant Dugan in the Adversary. Additionally, the Litigation Trustee's claims against the Estate were fixed as a general unsecured claim in the amount of $1,091,500.65, with any and all other claims the Trustee had against the Estate of be deemed released, withdrawn and denied. On or about January 8, 2013, the Court approved the settlement

4

52595275_1

of the Adversary [Docket No. 78].

20.     McGuireWoods also assisted the Trustee with the sale to the Litigation Trustee of the Estate's interest in approximately 32,000 of the CDRs resulting in payment of the Estate of approximately $1,600. Specifically, McGuireWoods prepared a Motion [Docket No. 88] for the approval of the sale of the CDRs and obtained Court approval for the same [Docket No. 89].

21.     Additionally, McGuireWoods assisted with Trustee with tax matters, including retaining and working with the Trustee's tax accountants to address the tax matters facing the Estate.

22.     The normal hourly rates charged by the principals, associates, and paraprofessionals of McGuireWoods for the Compensation Period covered by this application is as follows:

| Name | Title | Specialty | Total Hours | Rate ($/hour) | Total Value |
|---|---|---|---|---|---|
| Richard J. Mason | Partner | Bankruptcy | 0.5 | $725 | $362.50 |
|  |  |  | 4.7 | $695 | $3,266.50 |
| Patricia K. Smoots | Senior Counsel | Bankruptcy and Litigation | 2.5 | $600 | $1,500.00 |
|  |  |  | 16.4 | $575 | $9,430.00 |
| Paul J. Catanese | Associate | Bankruptcy and Litigation | 5.2 | $425 | $2,210.00 |
|  |  |  | 5.4 | $400 | $2,160.00 |
| Kimberly McFarland | Paralegal | Bankruptcy | 15.8 | $235 | $3,713.00 |
|  |  |  |  |  |  |

5

52595275_1

| Name | Title | Specialty | Total Hours | Rate ($/hour) | Total Value |
|------|-------|-----------|-------------|---------------|-------------|
| Total | | | 50.5 | $235- $725 | $22,642.00 |

23.  The blended rate of attorneys and paraprofessionals representing the Trustee in this case is approximately $448.00.

### Nature of Services Performed by McGuireWoods

24.  All services performed by McGuireWoods for which compensation is being sought were performed for and on behalf of the Trustee.

25.  This Application has been prepared with the intention of complying with the applicable standards set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 5082-1.

26.  None of the payments received by McGuireWoods will be shared with any other party, nor are these payments subject to a sharing arrangement between McGuireWoods and any third party.

27.  In accordance with section 330 of the Bankruptcy Code, McGuireWoods represents that the amount of fees and expenses are fair and reasonable given: (a) the nature of this case and of the Adversary; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

28.  During the Compensation Period McGuireWoods performed significant legal services to the Trustee, as set forth above.

| Nature of Services | Approximate Hours | Approximate Value |
|---|---|---|
| 0001- Representation of Trustee in Avoidance Litigation (including preparation and filing of Complaint in the Adversary) | 20.4 | $9,681.00 |
| 0002- General Administration | 30.1 | $12,961.00 |
| **Total** | **50.5** | **$22,642.00** |

29. All of the services summarized above were reasonably necessary in order that the interest of the estate and its creditors be adequately represented, protected and defended and to maximize the recovery to the estate and its creditors.

### Computation of Compensation

30. The services performed by McGuireWoods during the Compensation Period required a total time expenditure for which compensation is sought of approximately 50.5 hours on the part of the principals, associates and paraprofessional of McGuireWoods. The services for which McGuireWoods is seeking compensation are set forth with particularity in Exhibit A. Based on the nature, extent and value of the services for which McGuireWoods is seeking compensation, the time spent on such services and cost of comparable services other than in a case under the Bankruptcy Code, such services have a value of not less than $24,767.00.

### Expenses

31. In addition, McGuireWoods incurred certain reasonable and necessary expenses during its representation of the Trustee in the amount of $238.00. A detailed breakdown of these expenses is contained in Exhibit A.

32. A summary of these reasonable and necessary expenses is provided below:

    (a) <u>In-House Copying ($181.70)</u>: McGuireWoods bills $0.10 per page for all internal copies. Such charge is reasonable and customary in the legal industry, representing costs

7

of copy materials, outside services, acquisition, maintenance, storage and operation of copy machines, maintaining the copy center.

(b) <u>Postal Service and Messenger Charges ($55.90)</u>: McGuireWoods seeks reimbursement for postal service mailing costs ($44.90) and messenger charges ($11.00) actually incurred in the course of its service to the Trustee.

### Approval of Interim Fee Applications, Payment of Fees Associated with the Closing of the Case, and Authorization to Pay Potential Tax Late Fees

33. The Court has awarded in Interim Compensation and Expense Reimbursement **[Docket Nos. 50 and 76]** in the total amount of $102,030.03 ("Previously Awarded Compensation and Expenses"). McGuireWoods requests that the Court deem the Previous Awarded Compensation and Expenses to be final.

34. McGuireWoods requests further compensation ("Closing Compensation") of $2,125.00 associated with closing of the case. The Closing Compensation reflects an estimate of 5 hours of legal services to the Trustee associated with the case closing at Mr. Catanese's rate of $425/hour.

35. The Debtor has requested that the Trustee close this case this year. The Trustee has moved aggressively to try and close the case this year and has no desire to keep this case open any longer than necessary. However, due to a late receipt of tax Form K-1, the Trustee filed the estate's tax returns after the deadline and may incur a small penalty ("Penalty"). The Trustee's tax accountant estimate that such will be approximately $500. Accordingly, in order to attempt to pay creditors and close this case in 2013, McGuireWoods will take a voluntary reduction of the Closing Compensation so sufficient funds are available to pay the Penalty and without delaying the final report.

8

52595275_1

### Notice

36. Sections 330 and 331 of the Bankruptcy Code require notice and a hearing before any action on this Application. In compliance with these sections and Federal Rule of Bankruptcy Procedure 2002, McGuireWoods has mailed a copy of this Application and Notice of the hearing on all parties on the service list in this bankruptcy case, except those who have consented to receive service through the Court's electronic filing system.

WHEREFORE, McGuireWoods prays this Court enter an order: (i) allowing McGuireWoods' compensation of $22,642.00 as payment for legal fees; (ii) allowing reimbursement of expenses to McGuireWoods in the amount of $238.00; (iii) deeming the Previously Awarded Compensation and Expense Reimbursement to be deemed final; (iv) payment of the Closing Compensation in the amount of $2,125.00 for the closing of the case; (v) authorizing the Trustee to pay the Penalty from the Closing Compensation; (vi) approving the form and manner of notice provided to creditors and other parties in interest; (vii) authorizing payment of such fees and expenses from the bankruptcy estate; and (ix) granting such further relief as the Court deems just and appropriate.

Dated: November 27, 2013

                                                    /s/ Paul J. Catanese
                                                    *One of the Attorneys for the Trustee*

Richard J. Mason, P.C. (ARDC #01787659)
Patricia K. Smoots (ARDC #06194076)
Paul J. Catanese (ARDC #6292530)
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 849-8100

9

52595275_1